■ In the Matter of JOHN E. WILLIAMS, Respondent, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered November 23, 1979 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78. On October 4, 1976, the petitioner allegedly submitted an "indemnity claim form" seeking reimbursement of $130.10 for items of personal property (such as shoes, socks, slippers and underwear) he alleges were lost without any negligence on his part and due to the fault of the correctional authorities when he was transferred from Clinton Prison "Main" to Clinton Prison "Annex". The submitted claim was lost and the petitioner instructed to refile. The refiled claim was returned to him (1) for lack of proper itemization and (2) for lack of proof of the cost or value of the items allegedly lost. Thereupon, the petitioner sought relief in this article 78 proceeding to "resolve the matter of the petitioner's claim". The respondents' answer affirmatively alleges that the exclusive jurisdiction over such monetary claims against the State was in the Court of Claims. The petitioner moved for judgment requiring the respondents to process the petitioner's claim for loss of personal property and to reimburse petitioner therefor. Special Term, relying on section 125 of the Correction Law, determined that the respondents either have, or are required to have, records of personal property belonging to inmates in correctional facilities and shall, therefore, be required to make such information available to the petitioner in order for him to complete the claim form. Special Term's reliance upon section 125 of the Correction Law is misplaced. That section does not apply to personal items such as petitioner alleges he lost herein which were never entrusted to the care or control of the facility and which he was permitted to possess. The loss allegedly sustained must be recovered by a claim for monetary damages in the Court of Claims. Special Term lacked subject matter jurisdiction in this article 78 proceeding and the petition must be dismissed *(Matter of Adams v New York State Civ. Serv. Comm.,* 51 AD2d 668). Judgment reversed, on the law, without costs, and petition dismissed. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.