714 F.2d 207
 John LOVE, Jr., Appellant,
v.
Thomas A. COUGHLIN, III, Commissioner of the New York State
Department of Correctional Services, Everett W. Jones,
Superintendent of the Great Meadow Correctional Facility, J.
Whitney, J. Greene, D. Mitchell, Correction Officers, Great
Meadow Correctional Facility, and John Doe, Sergeant, Great
Meadow Correctional Facility, Appellees.
 No. 82-2338.
 United States Court of Appeals,
Second Circuit.
 Submitted April 21, 1983.
Decided April 22, 1983.*
 
 John Love, Jr., appellant pro se.
 Before OAKES, PIERCE and PECK,** Circuit Judges.
 PER CURIAM:
 
 
 1
 John Love, Jr., an inmate at Great Meadow Correctional Facility filed a complaint in the United States District Court for the Northern District of New York, concerning the loss of two out of three of his duffel bags during a transfer from D-block to E-block. The bags were said to contain various items of clothing and food and other personal belongings, as well as legal documents and communications pertaining to four civil and two criminal law suits either pending or in process. He seeks compensatory and punitive damages, as well as an injunction against "negligent conduct" on the part of certain correctional officers, the Superintendent of Great Meadow and the Commissioner of the State Department of Correctional Services in not safeguarding inmate property in a proper manner and exposing it to theft or loss. Following the magistrate's report recommending dismissal of the complaint under Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1916-17, 68 L.Ed.2d 420 (1981), Love filed objections to the magistrate's recommendations, alleging interference with his access to the courts, and reemphasizing the fact that the problem of securing inmates' property against theft or loss is a "recurring" one. He appeals from an order of the United States District Court for the Northern District of New York, Howard G. Munson, Chief Judge, approving the magistrate's report and dismissing the complaint without service of process upon the named defendants.
 
 
 2
 Although we have repeatedly cautioned the district courts against sua sponte dismissal of prison inmates' civil rights complaints, e.g., Bayron v. Trudeau, 702 F.2d 43 (2d Cir.1983), dismissal is warranted when statute or controlling precedent clearly forecloses the pleading, liberally construed. Cameron v. Fogarty, 705 F.2d 676, 678 (2d Cir.1983). Parratt, supra, held that where a prison inmate loses personal belongings from negligence of the correctional officers or the prison itself, no civil rights action lies if the state provides an adequate compensatory remedy. 451 U.S. at 542-43, 101 S.Ct. at 1916-17. Here, as in Parratt, the claimed deprivation occurred as a result of an unauthorized failure of the correctional officers to follow established procedures. And here, as in Parratt, the state provides adequate post-deprivation remedies, in this case in the Court of Claims. N.Y.Jud.L., Ct.Cl.Act §§ 8, 9.2 (McKinney 1963); Williams v. Coughlin, 76 A.D.2d 957, 428 N.Y.S.2d 732 (App.Div.1980) (mem.). Under these circumstances we hold that the district court properly dismissed the complaint.
 
 
 3
 Judgment affirmed.
 
 
 
 *
 This case was originally decided by summary order. At the suggestion of Chief Judge Howard G. Munson of the United States District Court for the Northern District of New York, the panel has, however, decided to publish it as a per curiam opinion
 
 
 **
 Of the United States Court of Appeals for the Sixth Circuit, sitting by designation