John R. PETRENKO, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV 91–0318.

United States District Court,
E.D. New York.

July 14, 1994.

could possibly help this Court in reaching a decision.

Alan B. Hodish, Kreitzer & Vogelman, New York City, for plaintiff.

Zachary W. Carter, U.S. Atty., E.D.N.Y., Brooklyn, NY by Elliot M. Schachner, Asst. U.S. Atty., for defendant.

## ORDER

JOHNSON, District Judge:

### INTRODUCTION

Plaintiff has brought an action pursuant to 42 U.S.C. § 1983 claiming that his civil rights were violated on January 30, 1988, when he allegedly was negligently beaten and falsely arrested and imprisoned by United States Park Police officers. The Plaintiff seeks $10 million for the claims arising under 42 U.S.C. § 1983 and an additional $1,250 to recover the costs of retrieving his impounded vehicle. Before this Court is the Government's motion for summary judgment. Each of the Plaintiff's six causes of action is denied, and the Government's motion for summary judgment is hereby GRANTED.

### BACKGROUND

During a routine patrol on January 30, 1988, at approximately 3:00 a.m., officers Michael Lavin and Michael Larosa of the United States Parks Police ("USPP") approached a blue, 1980 Dodge, New York license number KNW746, that was parked in the Al Banners West parking lot of the Gateway National Recreation Area. A woman and a man, Plaintiff John Petrenko, were in the car. The officers observed the man fondling the woman's breast. The woman appeared unconscious.

The Plaintiff informed the officers that the woman was his girlfriend and that her name was "Cynthia." When the Plaintiff could not awaken "Cynthia," the officers attempted for some five minutes to awaken the woman. Upon regaining consciousness, the woman was questioned by the officers, whereupon she informed them that her name was not "Cynthia" and that she had not consented to any sexual activity with the Plaintiff. Based

on her replies and on their own observations, the officers arrested the Plaintiff.

After handcuffing the Plaintiff and placing him in the back seat of the police car, the officers searched the interior of the vehicle. They then removed the Plaintiff's keys from the car and searched the trunk, where they found two license plates which appeared to have been altered. Further investigation revealed that the plates had in fact been stolen and altered.

The officers took the Plaintiff to the USPP Field Office at Floyd Bennett Field in Brooklyn, New York. The vehicle was taken to the police facility at Floyd Bennett Field for "safekeeping." Later that day, the Plaintiff was transported to the custody of the New York Police Department ("NYPD"). The Plaintiff was charged with rape, sexual abuse, and sodomy in the Criminal Court of New York, Queens County. Plaintiff was subsequently transferred to the correctional facility at Rikers Island, where he stayed until he was released on February 1, 1988.

Upon the Plaintiff's admission to Rikers correctional facility, he was examined by medical personnel and treated for high blood pressure and headaches—conditions the Plaintiff has suffered from for at least two years. Approximately one month after his arrest, the Plaintiff went to see Dr. Kenneth Marshall, his treating physician, who treated him for various ailments.

On June 19, 1988, a hearing was held in the Plaintiff's criminal action regarding the Plaintiff's (the defendant in the criminal case) motion to suppress statements made and physical evidence seized at the time of his arrest. At the hearing, the criminal court found that there was probable cause for the Plaintiff's arrest on January 30, 1988. The criminal action against the Plaintiff was subsequently dismissed on September 27, 1988, because the woman refused to proceed with the action.

## DISCUSSION

### I. PLAINTIFF'S CLAIMS FOR FALSE ARREST, FALSE IMPRISONMENT, AND NEGLIGENT BEATING

A. *The United States is immune from suit under 42 U.S.C. § 1983*

▆ It appears from the Plaintiff's complaint that he intended his claims of false arrest, false imprisonment, and negligent beating to provide the basis for his claims under 42 U.S.C. § 1983. Compl. at 4. He brings the present § 1983 suit against the United States. Initially, the Plaintiff's complaint named the United States, "John Doe 1," and "John Doe 2" (representing the arresting officers), jointly and severally, as the Defendants. The Plaintiff subsequently dismissed his claims against the officers and amended his claim to reflect that his case would be solely against the United States. Stipulation, Feb. 13, 1992.

▆ "The United States, as sovereign, is immune from suit, save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). The language of 42 U.S.C. § 1983 [1] does not reach the actions of the federal government. *District of Columbia v. Carter,* 409 U.S. 418, 425, 93 S.Ct. 602, 606, 34 L.Ed.2d 613 (1973), *reh'g denied,* 410 U.S. 959, 93 S.Ct. 1411, 35 L.Ed.2d 694 (1973). The statute was designed to protect private citizens from discrimination by other private citizens acting in an official capacity. The United States has yet to waive its immunity from suit under 42 U.S.C. § 1983. *Ricca v. United States,* 488 F.Supp. 1317, 1325 (E.D.N.Y.1980).

Accordingly, this Court is without proper subject matter jurisdiction to hear this case.

---

1. 42 U.S.C. § 1983 states that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured un an action at law, suit or equity, or other proper proceeding for redress. For the purposes of this section, and Act of Congress applicable to exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983, Pub.L. 96–170, § 1, 93 Stat. 1284 (amended 1979).

As such, summary judgment for Defendant on Plaintiff's allegations one through five is granted.

### B. *Common Law Claims*

#### 1. *False Arrest and False Imprisonment Claims*

■ It is not clear whether Plaintiff brought all of his claims under § 1983. Some may have been pursuant to common law; however, Plaintiff's common law claims fail under the doctrine of collateral estoppel.

In *Zanghi v. Inc. Village of Old Brookville*, the Court of Appeals for the Second Circuit ruled that "it is abundantly clear that a finding of probable cause will defeat state tort claims for false arrest, false imprisonment, and malicious prosecution." 752 F.2d 42 (2d Cir.1985). Here, a state court, in *People of the State of New York v. John Petrenko*, No. 8Q003802, found that there was probable cause for the USPP officers to arrest the Plaintiff. Therefore, Plaintiff cannot, under the guise of a § 1983 claim, relitigate the existence of probable cause. This Court must apply the same preclusive effect to the state court determination as New York State Courts would give, and as such, the finding of probable cause is preclusive. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The fact that the case was later dismissed on other grounds does not invalidate this determination.

The Plaintiff has not provided this Court with any evidence that there were any defects in the state court's determination. Instead, the Plaintiff argues that the USPP officers acted improperly in arresting him based on the woman's statement that she had not consented to any sexual activity with the Plaintiff. He argues that "[a] person who is unable to consent to sexual contact should not be the basis of the probable cause to arrest." Plaintiff's Mem. at 6. We reject this absurd contention. There being no defects in the state court's determination of probable cause, this Court will not disturb that finding and Plaintiff's third and fourth claims are denied.

#### 2. *The Claim of Negligent Beating*

■ Plaintiff's claim of negligent beating fails because he has not met the burden necessary to defeat summary judgment. Rule 56 of the Federal Rules of Civil Procedure states that a court shall grant a motion for summary judgment "if it concludes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A motion for summary judgment will not lie "if the evidence is such that a reasonable jury could return a verdict for the non-moving party", and "there is no such issue unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The burden imposed on a party opposing a motion for summary judgment is that he must produce concrete facts in order to defeat the moving party's motion. "Rule 56(e)'s provision that a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). Therefore, "a party opposing summary judgment must make a factual showing sufficient to establish the existence of each element of his or her claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In his complaint, the Plaintiff alleges that when he was arrested on January 30, 1988, he was "without cause or provocation, struck over various parts of his body by the defendants" and that as a result he sustained serious and permanent personal injuries. Compl. at 2. He further alleges that the officers negligently struck him. Compl. at 3. In addition, the Plaintiff alleges that, as a result of the abuse he suffered at the hands of the USPP, he was injured in his left shoulder, his neck, and his stomach. Dep. of Plaintiff at 73–76. He refers to the pain and suffering he endured as a result of this alleged beating, but he offers no concrete proof

that such a beating ever occurred. The officers contend that at no time while the Plaintiff was in their custody on January 30, 1988, was he ever struck or injured. Dep. of Lavin at 3. Dep. of LaRosa at 2–3.

The record clearly does not substantiate the Plaintiff's claims of abuse. For instance, the Plaintiff does not reveal why he failed to seek medical help for the injuries he alleges he sustained as a result of this beating when he reached the correctional facility at Rikers Island. The Plaintiff's transcript reveals that, upon admission to Rikers, he sought medical treatment for high blood pressure and for headache pain. Each of these ailments were pre-existing, affecting Plaintiff for at least two years prior to his arrest. No records were introduced to substantiate the contention that these injuries indeed exist.

At no time was Plaintiff treated for injuries sustained in the alleged beating. The Plaintiff saw his regular doctor approximately one month after his January 30, 1988 arrest. He testified that he went to see Dr. Marshall, his general physician, about a month after the arrest and that Dr. Marshall treated him for injuries he sustained in the beating. Notwithstanding, the Plaintiff cannot recall the exact nature of the visit or the doctor's prescriptions for his pain, and Dr. Marshall refuses to produce any of his patient's medical records.

The Plaintiff has failed to establish sufficient evidence that he sustained serious and permanent physical injuries. His mere allegations of negligent abuse "provide no indication that any evidence exists that would permit the trier of fact to draw a reasonable inference [in his favor]." *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

In his memorandum of law in opposition to Defendant's motion for summary judgment, the Plaintiff contends that he was also emotionally injured by the alleged January 30, 1988 beating. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 7–8. Again, he offers no proof to substantiate this claim. Psychological records from Arnold D. Laschewer, Ph.D., the Pl.'s psychologist, are replete with inaccuracies. The Plaintiff told

Dr. Laschewer a different account of the circumstances surrounding his arrest.

More importantly, he failed to inform Dr. Laschewer about the severe blow to the head that forced him into an early retirement four years ago. Dep. of Pl. at 206–207. The Plaintiff testified that he was hit in the head by a piece of hammer during a work-related accident. This injury, in addition to forcing him into retirement, caused the Plaintiff financial problems and problems "with life in general." Dep. of Pl. at 28. The psychological report offers several analyses of Plaintiff's emotional problems and his alleged post-traumatic stress disorder, but in light of the fact that the psychologist examined the Plaintiff under colorable circumstances, the facts do not support Plaintiff's allegation of emotional injuries.

The Plaintiff offers no witnesses or other corroboration for his story. Nor has he produced concrete medical proof. Since the Plaintiff's story rests upon mere unsubstantiated allegations, he has failed to meet the burden of proof required of him in Rule 56. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. Under these circumstances, a reasonable jury could not rule in his favor.

## II. DISMISSAL OF PLAINTIFF'S CLAIM TO RECOUP DAMAGES FOR THE IMPOUNDING OF HIS CAR

A claim for deprivation of property is not cognizable in federal court if the state courts provide a remedy for deprivation of that property. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542–43, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). New York provides such a remedy in § 9 of the New York Court of Claims Act. Since New York State provides an adequate post-deprivation remedy, Plaintiff is able to pursue his remedy and he was, therefore, not deprived of property without due process of law. *Love v. Coughlin,* 714 F.2d 207, 208–09 (2d Cir.1983).

■ Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, the Plaintiff permissibly joined his state claim for damages to recover the cost of retrieving his car to the federal claim arising under 42 U.S.C. § 1983. The claims were closely related to the same set of facts—the circumstances surrounding the Plaintiff's January 30, 1988 arrest. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (ruling that a federal claim and a state claim may be joined in one action where the claims derive from a "common nucleus of operative facts.") However, now that the federal claim has been dismissed, this Court exercises its constitutional discretion in dismissing the Plaintiff's state claim as well. *Id.*

This circuit adopted the law in *Gibbs,* stating that "if the federal claims are subject to disposal of on a motion for summary judgment, the court should refrain from exercising pendent jurisdiction absent exceptional circumstances." *Kavit v. A.L. Stamm & Co.,* 491 F.2d 1176, 1180 (2d Cir.1974). None of the recognized special circumstances—judicial economy, overriding federal policy question in the state claim, or fairness to the litigants—warrants this Court retaining jurisdiction over this state matter. Plaintiff's sixth cause of action is hereby dismissed for lack of an independent basis for subject matter jurisdiction.

### CONCLUSION

The Plaintiff has failed to produce any evidence to dispute the Defendant's version of the material facts. For the reasons maintained herein, the Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is hereby GRANTED.

SO ORDERED.