**Mark B. PANGBURN, Plaintiff,**

v.

**James CULBERTSON, Court Clerk; John M. York, Sheriff; and Sheriff's Property Clerk, Defendants.**

No. 96–CV–0367E(H).

United States District Court, W.D. New York.

Nov. 7, 1997.

Mark B. Pangburn, Sonyea, NY, pro se.

Scott H. Smith, Rochester, NY, for Defendants.

### DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The above case was referred to the undersigned by the Hon. John T. Elfvin to supervise discovery and render decisions on all discovery and other nondispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A). Currently pending for decision are plaintiff's motion for leave to amend his complaint (Item 24), motion to compel discovery (Item 26), and motion for leave to take depositions by other than stenographic means (Item 31). For the reasons that follow, plaintiff's motions are denied.

## BACKGROUND

Plaintiff initiated this action on June 5, 1996, asserting numerous claims under the United States Constitution and several federal and state statutes. In sum, plaintiff claims that he suffered harm on June 5, 1993 and thereafter, when, upon plaintiff's arrest, defendants allegedly seized as evidence the automobile he was driving which belonged to his wife, and then retained the vehicle for two years during which time defendants employed it for their personal use.

A scheduling conference in this case was originally set for May 19, 1997. That conference was adjourned when Judge Elfvin scheduled a hearing on plaintiff's motion for summary judgment.

On May 22, 1997, plaintiff's motion for summary judgment was denied, as was his motion for appointment of counsel. Judge Elfvin also dismissed, *sua sponte*, plaintiff's claims under the Freedom of Information Act and the Privacy Act of 1974. Upon dismissal of those claims, Judge Elfvin recommended that plaintiff move for leave to amend his complaint to conform with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure,[1] and to identify by name the third defendant in this action, the Sheriff's Property Clerk.

On June 10, 1997, plaintiff filed a motion for leave to amend his complaint. In his proposed amended complaint, plaintiff deleted his claims under FOIA and the Privacy Act. Plaintiff is now seeking relief pursuant to 42 U.S.C. § 1983 for alleged violations of his rights as guaranteed by the Fourth, Fifth, Eleventh and Fourteenth Amendments to the United States Constitution. Plaintiff also advances state law claims for intentional infliction of emotional distress and negligence.

In addition to modifying the jurisdictional basis for his claims, plaintiff seeks to add his wife, Kathleen M. Pangburn, as a plaintiff and to add the County of Livingston and the State of New York as defendants.

On August 29, 1997, defendants objected to the proposed amendments on the grounds that (1) Judge Elfvin's recommended revisions did not include the addition of new parties, (2) plaintiff's proposed amended complaint, which is several pages longer than the original nine page complaint, does not improve on the original with regard to the short and plain statement requirement of Rule 8(a)(2), (3) there is no indication by way of an affidavit or otherwise that Kathleen M. Pangburn wishes to participate as a plaintiff in this action, (4) it does not appear that any notice has been given to the two additional defendants named, (5) plaintiff's attempts to assert a claim under 42 U.S.C. § 1983 against a governmental body would be futile, and (6) the third defendant, Sheriff's Property Clerk, is not named as was recommended by Judge Elfvin (Item 30).

On September 10, 1997, plaintiff submitted a reply affidavit in which he corrects the caption of his proposed amended complaint to name the third defendant as Sgt. Jeffrey L. McDonald (Item 32, ¶ 5). In addition, plaintiff claims that an affidavit from Kathleen Pangburn is forthcoming (¶ 10). This has not been received by the court to date.

## DISCUSSION

### I. MOTION TO AMEND.

As stated above, defendants advance numerous objections to plaintiff's proposed amended complaint. I will not address those objections, however, as there is a more fundamental reason for denying plaintiff's motion—that is, the proposed amendments are futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (appropriate reasons for denying motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

---

1. Judge Elfvin characterized plaintiff's complaint as "rambling, repetitive and seek[ing] to assert countless causes of action under numerous statutes and constitutional provisions," and noted that plaintiff, defendants and this court would all benefit from the type of complaint envisioned by Rule 8 (Item 23, p. 3).

Although plaintiff's proposed amended complaint remains meandering and difficult to decipher, the thrust of his claim is that employees of the Livingston County Sheriff's Department intentionally deprived him of property in violation of standardized criteria and established procedures regarding the handling and return of seized property (Prop. Amended Complaint p. 4 & ¶¶ 10, 20, 23, 26, 32, 38). In addition, plaintiff claims that the County of Livingston and the State of New York provide inadequate' training, supervision and review of sheriff's department employees, and that this negligence somehow encouraged the unlawful conduct (Id. at ¶¶ 33, 34, 44).

Plaintiff and his wife first initiated a § 1983 claim based upon intentional deprivation of property in an action filed in the Western District of New York in 1995 (Docket No. 95–CV–1012E).[2] In a Decision and Order dated January 19, 1996, the Hon. Michael A. Telesca dismissed the claim *sua sponte* on the ground that the plaintiffs failed to state a violation of a constitutional right. Specifically, Judge Telesca held that the plaintiffs could not state a claim for deprivation of property where state law provides an adequate post-deprivation remedy (95–CV–1012, Item 4, p. 8).

It is well established that:

an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.

*Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Judge Telesca observed that even if the plaintiffs were intentionally deprived of property within the meaning of the Fourteenth Amendment, the deprivation was not without due process of law because New York provides an adequate postdeprivation remedy in § 9 of the New York Court of Claims Act. *See Love v. Coughlin*, 714 F.2d 207, 208–209 (2d Cir. 1983).

At a conference held on September 22, 1997, plaintiff argued that there is no state law post-deprivation remedy that is applicable to his claim, and that his proposed amendments state a claim under § 1983. Plaintiff subsequently submitted documents related to his efforts to pursue his claims in state court and also cited caselaw on this issue.

Plaintiff claims that Judge Telesca erred in dismissing the previous action because the Court of Claims later ruled that it had no jurisdiction over the Livingston County Sheriff's Department or Sheriff (Claims No. 93225 and 93308, Order filed Dec. 23, 1996).

■■■ As to a challenge to Judge Telesca's decision, the proper forum of redress is an appeal to the Second Circuit. I do note, however, that the Court of Claims ruling is not dispositive on the issue of whether any state law post-deprivation remedy exists. In fact, plaintiff's claim for damages allegedly incurred as a result of the seizure and impoundment of his wife's vehicle was adjudicated in the State of New York Supreme Court, County of Livingston on May 10, 1996, prior to the commencement of the present action (Index No. 945–1995, copy at Item 1, Ex. 6).[3] While plaintiff did not prevail in that action, it is clear that a state law post-deprivation remedy was available to him.

Plaintiff cites two Second Circuit cases in support of his claim that whether or not a state remedy exists, his proposed amended complaint states a claim under § 1983. *Butler v. Castro*, 896 F.2d 698 (2d Cir.1990); *McClendon v. Rosetti*, 460 F.2d 111 (2d Cir. 1972). These cases, however, are readily distinguished from the present claim.

---

**2.** Although John M. York is the only defendant common to both actions, the present claim is based on the same events and circumstances as those described in the prior action.

**3.** In the state tort action, defendant moved to dismiss the claim as barred by the statute of limitations. The court found that plaintiff had failed to file a notice of claim on a municipal defendant within 90 days of the date of accrual as required by Section 50–e of the General Municipal Law, and that plaintiff's motion for leave to file a late notice of claim could not be granted because the applicable statute of limitations had already run.

In *McClendon,* the Court held that the New York City Administrative Code, § 435–4.0, which placed the burden of initiating property recovery proceedings upon the claimant, was unconstitutional as applied to persons with claims upon non-contraband items not needed as evidence. 460 F.2d at 116. The *Butler* case involved the same provision of the New York City Administrative Code at issue in *McClendon.* The Court found that eighteen years after its decision in *McClendon,* the Code still contained the provisions for property recovery that were made obsolete by that holding. The only notice available to a claimant of the current procedures for recovering property was on the back of the voucher given to an arrestee at the time of seizure. The Court held that such notice was insufficient to satisfy due process.

Both of the cited cases held that a claim under § 1983 is not defeated by the existence of independent state relief where the deprivation complained of results from the operation of established state procedures. *See also, Sullivan v. Town of Salem,* 805 F.2d 81 (2d Cir.1986). In the present case, plaintiff claims that he was deprived of his rights as a result of a violation of, rather than the operation of, established procedures. Thus, his claim is clearly one that falls under the Supreme Court's holding in *Hudson.*

Accordingly, I find that plaintiff's proposed amendments are futile in that they do not state a violation of a constitutional right. Furthermore, in the absence of a federal claim, this court does not have jurisdiction over the state claims advanced in plaintiff's proposed amended complaint. Finally, I note that plaintiff's proposed amendments do not conform to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

For all of the reasons stated, plaintiff's motion for leave to file an amended complaint is denied.

## II. MOTION TO COMPEL DISCOVERY and MOTION TO TAKE DEPOSITIONS BY OTHER THAN STENOGRAPHIC MEANS.

Plaintiff has moved to compel discovery and is seeking disclosure pursuant to his request for document production dated February 14, 1997 (copy at Item 26, Ex. B). In addition, plaintiff has filed a second request for documents (Item 29) which seeks all documents related to the alleged seizure of his wife's automobile, copies of all prior court decisions involving this plaintiff and the named defendants, and copies of each defendant's personnel file. Further, plaintiff has moved to take the depositions by telephone of three defendants, eight named nonparty witnesses and two unidentified Livingston County sheriff's deputies.

Given that plaintiff has yet to clarify his claims in this case, plaintiff's discovery motions are denied as premature. Accordingly, this file will be returned to Judge Elfvin for further proceedings in this matter, including dismissal should such action be deemed appropriate.

### *CONCLUSION*

For the reasons stated, plaintiff's motion for leave to amend (**Item 24**) is DENIED, plaintiff's motion to compel and for default judgment (**Item 26**) is DENIED, and plaintiff's motion to take depositions by other than stenographic means (**Item 31**) is DENIED. **SO ORDERED.**