Newsome v. Bogan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of February, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RICHARD J. SULLIVAN,
                       *Circuit Judges*.

_____

MICHAEL NEWSOME,

                       *Plaintiff-Appellant*,

                 v.                                              18-2639

BOGAN, J. DRESSER, MARK PLYTER, BOB HOWARD,
HUGH COMPTON, HUMANE SOCIETY OF WAYNE COUNTY,

                       *Defendants-Appellees*.

_____

Appearing for Appellant:     Matthew B. Byrne, Gravel & Shea PC, Burlington, VT.

Appeal from the United States District Court for the Western District of New York (Geraci, *C.J.*).

       **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **REVERSED and REMANDED in part and AFFIRMED in part**.

Appellant Michael Newsome appeals from the August 10, 2018 judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*), dismissing Newsome's amended complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In its decision and order, the district court held that Newsome had not alleged a valid Fourth Amendment claim based on the seizure and death of his dogs, nor had he alleged a Fourteenth Amendment due process claim. *Newsome v. Bogan*, No. 16-cv-6451, 2018 WL 8967295, at *1 (W.D.N.Y. Aug. 9, 2018).

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and we need not accept as true legal conclusions couched as factual allegations. *Id.* at 555. "Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). This is particularly true "when the *pro se* plaintiff alleges that his civil rights have been violated." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks, citation, and alteration omitted).

Newsome argues that his amended complaint states a valid Fourth Amendment claim because his allegations suggest that the defendants unreasonably, and therefore illegally, seized his pet dogs by removing them from his home and subsequently euthanizing them. We agree.

We first address the issue of whether Newsome has properly alleged state action with respect to the Humane Society and its employee Mark Plyter. State action requires "such a close nexus between the state and the challenged action that the state is *responsible* for the specific conduct of which the plaintiff complains." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (internal quotation marks, brackets, and citation omitted). When *Fabrikant* first came before us, we held that the Ulster County Society for the Prevention of Cruelty to Animals ("SPCA") investigators were state actors "when they conducted the search of Fabrikant's house and the seizure of the dogs." *Id.* at 203. When the case returned on remand, we further held that "in taking custody of the dogs and making decisions about their proper maintenance and care, the SPCA officials were simply following up on the initial seizure of the dogs, which concededly was state action," and thus there was "a sufficiently close nexus between the State and the challenged action" as needed for state action. *Id.* at 211 (internal quotation marks and citation omitted). In *Fabrikant*, we reiterated that such a nexus could occur where "the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, [or] the entity has been delegated a public function by the state." *Id.* at 207 (internal quotation marks and citation omitted).

Here, Newsome has alleged facts that are sufficient to plead state action by Plyter and the Humane Society at this stage of the proceedings. For instance, Newsome alleged that Plyter had participated in the seizure of the dogs from Newsome's home, and when doing so, Plyter was acting in concert with the state. *See Fabrikant*, 691 F.3d at 203. According to the complaint, Plyter informed Newsome that the Lyons Police Department had instructed Plyter to consider the dogs abandoned and not release them to Newsome. Newsome also alleged that the Humane

Society euthanized his dogs. Based on these facts, Newsome has adequately pled state action as to Plyter and the Humane Society.

The unreasonable removal or killing of a companion animal constitutes an unconstitutional seizure of personal property under the Fourth Amendment. *See Carroll v. County of Monroe*, 712 F.3d 649, 651 (2d Cir. 2013); *Fabrikant*, 691 F.3d at 205, 215-16. "To determine whether a seizure is unreasonable, a court must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion and determine whether the totality of the circumstances justified the particular sort of seizure." *Carroll*, 712 F.3d at 651 (alterations, internal quotation marks, and citation omitted).

The amended complaint alleges facts supporting the conclusion that the removal of the dogs from Newsome's home was unreasonable. There is no question that the intrusion here was severe "given the emotional attachment between a dog and an owner." *Id*. The governmental interest, on the other hand, appears to have been relatively weak. According to the amended complaint, at least one of the dogs was enclosed in a crate and not obviously capable of interfering with officer safety. There was also no apparent concern with destruction of evidence, as the relevant evidence had been collected from Newsome's home on a prior occasion. Plyter's after-the-fact statement that the dogs were aggressive and abandoned does not alter our conclusion. The amended complaint states that Plyter initially told Newsome he could come claim the dogs before calling back to tell him that the dogs were abandoned and aggressive. This backtracking supports the inference that these reasons were pretextual.

In any event, Newsome also has a valid Fourth Amendment claim based on the death of the dogs. Because law enforcement brought the dogs to the Humane Society, the government lacked an interest in protecting the public from dangerous dogs. The dogs were not wandering loose on the streets and able to harm the public while secured at the Humane Society. In addition, Newsome made multiple attempts to arrange for his dogs to be picked up by him or his mother. Though the interest in preventing danger to the person or property of others can justify a dog catcher's taking a stray into custody, this does not mean that the state may destroy a companion animal without justification.

Taking all inferences in Newsome's favor as we must, his allegations support a claim that the dogs' removal and death were unreasonable seizures. Therefore, dismissal of the complaint was improper. Newsome has adequately pled a Fourth Amendment claim against all of the defendants.

We further conclude that Newsome has pled a valid retaliation claim against Bogan and Plyter based on Newsome's allegation that they seized the dogs in response to his refusal to go to the police station for an interview. A retaliation claim requires showing that the plaintiff "engaged in conduct that was constitutionally protected and that retaliation against the protected conduct was a substantial or motivating factor in the defendant's actions." *Blue v. Koren*, 72 F.3d 1075, 1082 (2d Cir. 1995) (internal quotation marks and citation omitted). The plaintiff must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected

speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (internal quotation marks and citation omitted).

Newsome has met all three requirements here. The Fourth Amendment protects the right of an individual to "walk away from police questioning." *Burns v. Martuscello*, 890 F.3d 77, 90 (2d Cir. 2018); *see also United States v. Hooper*, 935 F.2d 484, 490 (2d Cir. 1991). Thus, Newsome's refusal to go to the station for questioning was protected conduct. Next, the seizure of his dogs was undoubtedly an adverse action. Finally, Newsome has pled a connection between the protected conduct and the seizure. The amended complaint contains statements from Bogan and Plyter indicating that the seizure only occurred because of Newsome's conduct. For example, the complaint states, "I called the Lyons Police department and spoke with officer Bogan who stated that since I did not come to the station and answer qustions [sic] on beating up your girlfriend my men seized your dogs." App'x at 19. The complaint also states that Plyter told Newsome during a phone call "to contact Lyons Police department you should have went to the station to answer their questios [sic] on beating up your girl friend." *Id*. at 18. The amended complaint has sufficiently pled a retaliation claim against Bogan and Plyter.

We do, however, affirm the district court's conclusion that Newsome has failed to state a Fourteenth Amendment due process claim. The district court dismissed Newsome's Fourteenth Amendment claim because "New York provides an adequate post-deprivation remedy in § 9 of the New York Court of Claims Act." *Newsome*, 2018 WL 8967295, at *4. An adequate post-deprivation remedy can serve to bar a procedural due process claim, *see Love v. Coughlin*, 714 F.2d 207 (2d Cir. 1983); *Morello v. James*, 810 F.2d 344, 347-48 (2d Cir. 1987), if that claim is based on "random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). This rule does not, however, act as an automatic bar to procedural due process claims based on established state procedures, as distinguished from random acts by individual state employees. *Hellenic Am.*, 101 F.3d at 880. "[D]ecisions made by officials with final authority over significant matters, which contravene the requirements of a written municipal code, can constitute established state procedure." *Burtnieks v. City of New York*, 716 F.2d 982, 988 (2d Cir. 1983).

Newsome has not alleged any facts from which it could be concluded that the seizure of his dogs was authorized by state procedure or a high-ranking official with final authority over significant matters. State law does not authorize the defendants' purported actions. *See* N.Y. Agric. & Mkts. Law §§ 117(1)(d), 123. Nor has Newsome alleged that any defendant possesses the requisite authority such that their violations of state law would constitute an established procedure.

Newsome cannot assert a substantive due process claim under the Fourteenth Amendment, either. When a claim "fits comfortably under the coverage of the Fourth Amendment . . . the Fourth Amendment, rather than substantive due process, should serve as the guide for analyzing" the claim. *Russo v. City of Bridgeport*, 479 F.3d 196, 208-09 (2d Cir. 2007) (internal quotation marks and citation omitted).

We have considered the remainder of Newsome's arguments and find them to be without merit. Accordingly, the order of the district court hereby is REVERSED and REMANDED in

part and AFFIRMED in part. We remand to the district court with instructions to allow Newsome to file a third amended complaint for his Fourth Amendment and retaliation claims.[1]

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk

---

[1] The Court thanks pro bono counsel for its services, which greatly aided the Court in its deliberations.