Wayne M. ZILICH, Appellant,

v.

Gary LUCHT, Warden, Appellee.

No. 92–3170.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Sept. 30, 1992.

Decided Dec. 17, 1992.

Wayne Michael Zilich, pro se.

William C. Wagner, Knox McLaughlin Gornal & Sennett, P.C., Erie, PA, for appellee.

Before: STAPLETON, SCIRICA and GARTH, Circuit Judges.

GARTH, Circuit Judge:

Wayne Zilich, an inmate at SCI Rockview, appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. Zilich filed a complaint against Gary Lucht, Warden of the Erie County Prison where Zilich was incarcerated before being transferred to SCI Rockview. The complaint alleged that Lucht deprived Zilich of legal materials that Zilich needed in order to pursue his "many pending cases." Adopting the magistrate judge's February 6, 1992 Report and Recommendation (the "Report"), the district court dismissed Zilich's complaint for failure to state a claim upon which relief could be granted. The Report holds that Zilich's § 1983 action will not lie since adequate state post-deprivation remedies are available to him. Because the Report, as adopted by the district court, misapplies the relevant law, we reverse.

I.

We exercise plenary review over a district court's order dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Ditri v. Coldwell Banker Residential Affiliates, Inc.,* 954 F.2d 869, 871 (3d Cir. 1992). In reviewing such an order, we must accept as true the factual allegations in the complaint. *D.R. v. Middle Bucks Area Vocational Technical School,* 972 F.2d 1364, 1367 (3d Cir.1992); *Ransom v. Marazzo,* 848 F.2d 398, 401 (3d Cir.1988). When, as in this case, the plaintiff is a pro se litigant, we have a special obligation to construe his complaint liberally. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

II.

As an initial matter, we address whether an action claiming denial of access to the courts may be entertained under § 1983. In *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Supreme Court held that the right of access to the courts is fundamental as guaranteed by the Fourteenth Amendment and held that the

denial of such a right is actionable under 42 U.S.C. § 1983. *Id* at 828.

Moreover, "[m]any courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Simmons v. Dickhaut*, 804 F.2d 182 (1st Cir.1986). See, *e.g.*, *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir.1986); *Carter v. Hutto*, 781 F.2d 1028, 1031–32 (4th Cir.1986); *Tyler v. "Ron" Deputy Sheriff or Jailer/Custodian of Prisoners*, 574 F.2d 427, 429 (8th Cir.1978); *Hiney v. Wilson*, 520 F.2d 589, 591 (2d Cir.1975); *Sigafus v. Brown*, 416 F.2d 105, 107 (7th Cir.1969).

The question before us is whether the factual allegations in Zilich's amended complaint, if true, state "an access to courts" claim. At the outset of this inquiry, we note that Zilich's amended complaint is not a model of clarity. Construed liberally, the allegations set forth therein are generally as follows.

In March of 1990, Zilich was transferred from SCI Rockview to the Erie County Prison for court appearances.[1] During the intake process at Erie, Zilich was placed in a "visiting booth" where he requested certain legal materials that he "need[ed] for his defence [sic]" and his "many pending cases." Correctional officer Roger Hill denied the request, stating that his orders came directly from the Erie County Warden, Gary Lucht. Subsequently, Zilich sent a letter to Lucht requesting his legal materials for use in pending court proceedings. Zilich also communicated with his then attorney, R. Gilmore, concerning the denial of these materials.

Zilich alleges that he was not given access to his legal materials until a few days later when they were delivered to him in the course of a hearing before Judge Bozza of the Erie County Court of Common Pleas. According to Zilich's complaint, the box brought to the hearing did not contain certain transcripts, a cassette tape of a telephone conversation, police reports from Florida, bonding and property papers and his Bible, in which he had inserted legal papers. In response to Zilich's request for these missing materials, Judge Bozza ordered that the missing tape be produced. Subsequently, the box produced in Judge Bozza's courtroom was brought to Erie County for Zilich to reinspect. The cassette tape and the transcript of that tape were still missing, but Zilich's Bible was in the box. When a correctional officer discovered a letter in the Bible, it was confiscated over Zilich's objections. The Officer made clear that the letter was taken pursuant to orders issued by the Warden.

### III.

The hearing before Judge Bozza, during which an order was issued from the bench requiring the production of the missing tape, suggests that at least one item that Zilich alleges was stolen from him was relevant to court proceedings.[2] The magistrate judge's report, as adopted by the district court, acknowledged that "[d]enial of access to legal documents can, in some cases, constitute a violation of due process, since it impinges on an inmate's access to the court system." Nevertheless, the magistrate judge concluded that Zilich's § 1983 claim was foreclosed by *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984), due to the availabili-

---

**1.** The pleadings do not elaborate on the nature of these cases, but the record does reflect that Zilich appeared before a Judge Bozza of the Erie County Court of Common Pleas in Pennsylvania in regard to two criminal charges against him and that Zilich was the plaintiff in at least one pending civil action.

**2.** Although Zilich makes reference to a hearing before Judge Bozza in his amended complaint, it is apparent that the magistrate judge and the district court had before them and referred to a transcript of that hearing that was attached to

the defendant's supplemental motion to dismiss. A portion of the same transcript was also attached to Zilich' response to that motion. Because materials outside the pleadings were filed with, and were relied upon by, the magistrate judge and the district court, Lucht's motion should have been treated as a motion made under Fed.R.Civ.P. 56, and Zilich should have been given a reasonable opportunity to respond to this material and to present other pertinent materials. Fed.R.Civ.P. 12(b); *see Rose v. Bartle*, 871 F.2d 331, 339–40 (3rd Cir.1989).

ty of an adequate state post-deprivation remedy. In support of that conclusion, the magistrate judge cited to *Morello v. James*, 627 F.Supp. 1571 (W.D.N.Y.1986), a district court case holding that an adequate state post-deprivation remedy forecloses a § 1983 claim, even when that claim is of a substantive due process nature such as access to the courts.

The magistrate judge erred in relying on *Hudson* and *Morello*. In *Hudson*, an inmate brought a § 1983 claim against a prison official whom the inmate accused of intentionally destroying certain of his non-contraband personal property. The prisoner alleged that he had been deprived of property without due process of law. Responding to Hudson's § 1983 complaint, the Supreme Court extended its decision in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (concerning negligent[3] deprivation of property), and held that the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy.[4] *Hudson*, 468 U.S. at 533, 104 S.Ct. at 3203.

*Hudson*, however, concerned only the deprivation of property by prison officials and, by its own terms, is limited to the procedural due process context. *Id.* Where, as in the case at hand, a prisoner's complaint alleges the taking of *legal* property that results in the denial of his access to the courts, the *Parratt/Hudson* analysis cannot, and does not, apply. *See Simmons*, 804 F.2d at 185 (collecting cases).

The district court also improperly relied on *Morello v. James*, 627 F.Supp. 1571 (W.D.N.Y.1986), to reach its erroneous conclusion that *Hudson* is applicable to sub-

stantive due process claims. In *Morello*, a prisoner sought relief under § 1983 for the theft of his appellate pro se brief and research materials by correctional officers. Although the district court in that case reasoned that *Parratt/Hudson* should not be applicable in cases where an access claim is alleged, it nevertheless applied the *Hudson* rule because it believed it was "constrained" by a Second Circuit case that controlled. Apparently, neither the magistrate judge nor the district court were aware that *Morello* had been reversed by the Court of Appeals in *Morello v. James*, 810 F.2d 344 (2d Cir.1987).

Writing for the Second Circuit, Judge Meskill held that the district court had misread the relevant case law and concluded that "[i]ntentional substantive violations of constitutional rights are not subject to the rule of *Paratt.*" *Id.* at 348. In fact, as noted by Judge Meskill, "[o]ther circuits have considered the question and reached the same conclusion." *Id.* (citing with approval *Riley v. Jeffes*, 777 F.2d 143, 147–48 (3d Cir.1985) (pervasive risk of harm in violation of prisoner's Eighth Amendment rights is actionable under § 1983; similar risk of property loss without due process in violation of Fourteenth Amendment is not)); *see also, Davidson v. O'Lone*, 752 F.2d 817, 825–26 (3d Cir.1984).

We note, however, that Zilich still has before him the formidable task of avoiding summary judgment by producing evidence "such that a reasonable jury could return a verdict for [him]," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), or if it reaches that stage, prevailing at trial. "We intimate no opinion about the success on the merits of

---

**3.** *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) subsequently confined the holding in *Parratt* to deprivations involving something more than mere negligence.

**4.** Setting forth an alternative rationale for dismissing Zilich's amended complaint, the magistrate judge and the district court must have relied upon the Court of Common Pleas transcript to determine that Zilich was represented by counsel during the period of the alleged denial of access. We cannot help observing that

Zilich's amended complaint alleges that his then attorney was a part of the conspiracy alleged to have denied him access to the courts, an allegation which, if given credit, would belie the magistrate judge's alternative holding. Moreover, even if Zilich had been represented by competent counsel, the theft of Zilich's legal materials, including evidence to which his attorney might not have had access, would cast substantial doubt on that factor being dispositive of Zilich's access to the courts claim.

[Zilich's] allegations." *See Simmons*, 804 F.2d at 185.[5]

### IV.

The order of the district court granting Lucht's motion to dismiss will be reversed and the case will be remanded for reinstatement of the complaint and appropriate further proceedings.[6]

---

**5.** The magistrate judge and the district court, and this court have looked to and referred to the Court of Common Pleas transcript. We have commented on the procedure to be followed when such matters are presented, *see supra* note 2. Inasmuch, however, as the complaint asserts a valid claim on its face, we hold that the district court erred in dismissing Zilich's complaint pursuant to Fed.R.Civ.P. 12(b)(6).

**6.** Zilich also contends that his complaint contained a conspiracy claim that was not addressed by either the magistrate judge or the district court. In light of our disposition we need not reach this contention. It will be for the district court to determine if a conspiracy claim has been well pleaded, if Zilich is required to amend his complaint or to take such other action as is consistent with the foregoing opinion.