**Norman BARDSLEY, Plaintiff,**

**v.**

**Judge Marjorie C. LAWRENCE, Court of Common Pleas for Montgomery County, Pennsylvania, Defendant.**

**Civil Action No. 96–CV–8460.**

United States District Court, E.D. Pennsylvania.

Feb. 12, 1997.

Norman Bardsley, Philadelphia, PA, Pro Se Plaintiff.

Mary C. Keane, Administrative Office of PA Cts., Philadelphia, PA, for Defendant.

## MEMORANDUM .

JOYNER, District Judge.

Before the Court is the Motion of Defendant Judge Marjorie C. Lawrence ("Defendant" or "Judge Lawrence") to Dismiss Plaintiff's Complaint. Plaintiff Norman Bardsley ("Plaintiff" or "Bardsley"), a *pro se* litigant, has also moved for the preliminary and permanent injunctive relief demanded in the three counts of his Complaint. For the following reasons, we grant Defendant's Motion to Dismiss and, accordingly, deny Plaintiff's motions as moot.

## BACKGROUND

This is the third lawsuit arising ultimately from a series of allegedly improper stock transactions that divested Bardsley of his majority ownership interest in a Pennsylvania corporation called Inofast Manufacturing, Inc. ("Inofast"). We described these transactions at length in our two opinions in one of these prior cases, *Bardsley v. Powell, Trachtman, Logan, Carrle & Bowman, P.C., et al.,* 916 F.Supp. 454 (E.D.Pa.1996) (denying Bardsley's motion for preliminary injunction); 916 F.Supp. 458 (E.D.Pa.1996) (dismissing case), so we do not do so again here. Rather, we summarize the history of the litigation spawned by these transactions, and then move directly to a discussion of the motion before the Court.

Bardsley filed the first lawsuit on June 16, 1994 in the Court of Common Pleas for Montgomery County.[1] This action, *Bardsley v. Inofast Manufacturing, Inc., et al.,* Civil Action No. 94–11292 (*"Bardsley I "*), was assigned to Judge Lawrence, the defendant in this case. In *Bardsley I,* Plaintiff sued Inofast and its three other shareholders—his twin brother Scott Bardsley ("Scott"), his father Leigh Bardsley ("Leigh") and David Miller ("Miller")—who engaged in the allegedly improper deals. Plaintiff sought injunctive and compensatory relief under three theories of liability: (1) violation of fiduciary duty, (2) fraud and misrepresentation, and (3) violation of Pennsylvania's Business Cor-

poration Law. According to Plaintiff's Complaint in the instant action, Judge Lawrence has denied his multiple motions for injunctive relief and motions to disqualify opposing counsel, including his most recent motions denied by Order dated October 21, 1996 (the "October 21 Order"). The October 21 Order also imposed $750 in sanctions for filing multiple frivolous motions. The case remains pending before Judge Lawrence.

Ten months after filing *Bardsley I,* Plaintiff instituted the federal action that was before this Court, *Bardsley v. Powell, Trachtman, Logan, Carrle & Bowman, P.C., et al. ("Bardsley II"),* Civil Docket No. 95–2287. In *Bardsley II,* Plaintiff again sued Scott, Leigh and Miller, as well as the attorneys and firm representing them in the state proceeding. Bardsley asserted claims under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78kk (the "1934 Act"), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 ("RICO"), and various Pennsylvania common law rules. Plaintiff sought a preliminary injunction setting aside the elections of Inofast officers and directors conducted during the previous three annual shareholders meetings, voiding the disputed transactions, and restoring him to his majority status. We denied the motion after a two-day hearing because Bardsley had failed to demonstrate irreparable harm. 916 F.Supp. at 457–58. Subsequently, we dismissed Plaintiff's Complaint in its entirety, finding that (1) the 1934 Act claim was time barred and (2) the Complaint failed to allege facts stating a RICO claim, and refusing to exercise supplemental jurisdiction over the remaining state claims. 916 F.Supp. at 462–64. The Third Circuit affirmed both of these decisions by order dated December 13, 1996.

Now comes *Bardsley III.* In this action, Plaintiff is suing the judge in *Bardsley I,* alleging that she has violated and continues to violate his constitutional due process right by her decisions in that case. Accordingly, in Count I of his Complaint, Plaintiff seeks the preliminary and permanent injunctive re-

---

1. Actually, the very first lawsuit was initiated by Bardsley in the Court of Common Pleas for Montgomery County on December 2, 1993. This action was voluntarily withdrawn on May 19, 1994, and *Bardsley I* was filed the next month.

lief under § 1983. Counts II and III seek equitable relief under the 1934 Act voiding the disputed stock transactions themselves. We turn now to Defendant's Motion to Dismiss.

## DISCUSSION

### I. Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). Further, when the plaintiff is a *pro se* litigant, a court has a special obligation to construe the complaint liberally. *Zilich v. Lucht*, 981 F.2d 694 (3d Cir.1992). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

### II. Count I: Plaintiff's 42 U.S.C. § 1983 Claim

As noted *supra*, Plaintiff alleges that Judge Lawrence has violated his constitutional rights by her rulings in *Bardsley I*. In particular, Bardsley cites Judge Lawrence's failure to grant (1) his numerous motions for an injunction that would void the allegedly improper stock transactions and (2) his motions to disqualify opposing counsel. Judge Lawrence most recently denied these motions in her October 21 Order, which, Plaintiff alleges, was conducted after an improper *ex parte* proceeding.[2] Accordingly, in Count I of his Complaint, Plaintiff seeks injunctive relief overturning Judge Lawrence's October 21 Order, granting his motion to disqualify opposing counsel, disqualifying Judge Lawrence as the presiding judge in the state action, declaring the contested Inofast shares null and void, and granting reasonable attorney's fees.

Defendant argues that we lack jurisdiction over Plaintiff's § 1983 claim under the *Rooker–Feldman* doctrine. This doctrine provides that "federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir.1996) (alteration in original) (citation omitted) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 1315 n. 16, 75 L.Ed.2d 206 (1983)); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Our Court of Appeals has interpreted this doctrine to "encompass final decisions of lower state courts" as well. *FOCUS*, 75 F.3d at 840. Under *Rooker–Feldman*,

> the existence of a state court judgment in another case bars the federal proceeding ... when entertaining the federal claim would be the equivalent of an appellate review of that order. For that reason, *Rooker–Feldman* applies only when in or-

---

2. In his response to Defendant's Motion to Dismiss, Plaintiff articulates eight separate alleged constitutional violations. Bardsley contends that Judge Lawrence violated his federal constitutional right to due process by: (1) denying his third motion for injunction; (2) conducting an improper *ex parte* proceeding with opposing counsel on October 4, 1996; (3) disposing of the four motions addressed at the October 4, 1996 hearing in the October 21 Order; (4) imposing a $750 sanction on Plaintiff in the October 21 Order; (5) denying Plaintiff's fourth motion for injunction; and (6) denying Plaintiff's renewed Motion to Disqualify Opposing Counsel and his Motion to Compel Proper Ratification of some of the disputed shares. Plaintiff alleges also that Judge Lawrence violated (1) his "federally protected constitutional right to be duly heard in a court of law" by "not deliberat[ing] the merits" of his second motion for an injunction, and (2) his and Inofast's "federally protected constitutional rights to a fair trial" by denying his June 4, 1996 Motion to Disqualify Opposing Counsel.

der to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.

*Id.* at 840. In other words, *"Rooker–Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995), *cited in FOCUS,* 75 F.3d at 840.

■ We plainly lack jurisdiction under *Rooker–Feldman* to grant most of the § 1983 relief plaintiff seeks. In asking this Court to overturn Judge Lawrence's October 21 Order, grant his motion to disqualify opposing counsel, and declare the contested Inofast shares null and void, Plaintiff calls for the outright reversal or nullification of Judge Lawrence's decisions. Such requests cut to the heart of what a federal court, under *Rooker–Feldman,* lacks the power to do. *See Port Auth. PBA v. Port Auth. of N.Y. and N.J.,* 973 F.2d 169, 178 (3d Cir.1992).

■ We also lack jurisdiction over Plaintiff's request to disqualify Judge Lawrence as the presiding judge in *Bardsley I,* though *Rooker–Feldman* is not the applicable bar.[3] Under Pennsylvania law, the Pennsylvania Supreme Court exercises general supervisory and administrative authority over the "unified judicial system," which includes all courts and district justices. 42 Pa.Cons.Stat. Ann. § 1701 *et seq.* The Supreme Court may, in turn, delegate certain of these powers to an appropriate "agency or unit of the unified judicial system." 42 Pa.Cons.Stat. Ann. § 1721. Plaintiff points to no authority suggesting that we may act contrary to the fundamental tenets of federalism by usurping Pennsylvania's authority over the supervision and administration of its own courts. We therefore dismiss the remainder of Plaintiff's § 1983 claim for lack of jurisdiction.

**3.** Nothing in the record indicates that Plaintiff has sought Judge Lawrence's disqualification in any state court. Thus, while granting the motion might indicate disagreement with Defendant's

### III. Counts II and III: Plaintiff's 1934 Act Claims

■ The remaining two counts of Plaintiff's Complaint seek permanent injunctive relief against Judge Lawrence under the 1934 Act. In Count II, Bardsley seeks an order pursuant to § 21(e), 15 U.S.C. § 78u(e), rescinding the disputed shares and requiring that a new shareholders meeting be held. In Count III, he seeks an order pursuant to § 29(b), 15 U.S.C. § 78cc(b), declaring that two of the disputed agreements are null and void. Defendant argues that Counts II and III should be dismissed pursuant to the Anti–Injunction Act, 28 U.S.C. § 2283. Before we even reach this question, however, we ask whether the Complaint states claims upon which §§ 21(e) and 29(b) relief may be granted against Judge Lawrence. *See* Rule 12(b)(6).

We find that it does not. Bardsley's Complaint contains no allegation that Judge Lawrence violated the 1934 Act, or any rules promulgated thereunder, in any way. Rather, Plaintiff alleges securities law violations committed only by Scott, Leigh, Miller and the attorneys advising and representing them, in other words, the defendants in *Bardsley I* and *Bardsley II.* Similarly, the equitable relief that Bardsley seeks would not directly enjoin Judge Lawrence to do or from doing anything. Rather, the injunction and declaration would nullify transactions entered into by the *Bardsley I* and *Bardsley II* defendants and require them to take certain actions as a result. Plaintiff simply has no 1934 Act claim against Judge Lawrence, thus both Counts II and III must be dismissed against her.

### CONCLUSION

As noted *supra,* we have a special obligation to construe Bardsley's allegations liberally given that he is a *pro se* litigant. Nonetheless, after careful consideration, we are satisfied that Plaintiff cannot prove any set of facts entitling him to relief against Judge Lawrence. Accordingly, we dismiss

decisions, there is no particular state court decision over which we would be essentially exercising appellate review in granting such relief. *See Charchenko,* 47 F.3d at 983.

this action with prejudice and deny as moot Plaintiff's motions for equitable relief. An appropriate Order follows.

## ORDER

AND NOW, this 12th day of February, 1997, upon consideration of Defendant's Motion to Dismiss (Document No. 4), and Plaintiff's response thereto (Document No. 5), it is hereby ORDERED that the Motion is GRANTED and this action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motions for Preliminary and Permanent Injunctive Relief (Document Nos. 2 and 6) are DENIED as MOOT.