NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1933
_____

JOEL BELLO,
Appellant

v.

DOCTOR ROMEO, Moshannon Valley Correctional Center;
MS. DAWSON, Medical Administrator; MR. ZENK, Warden at
Moshannon Valley Correctional Center; CORNELL COMPANIES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-cv-00254)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

Opinion filed: April 22, 2011

_____

OPINION
_____

PER CURIAM

Appellant Joel Bello, proceeding pro se, appeals from the judgment of the

United States District Court dismissing his amended complaint against Appellees

Dawson, Zenk, and Cornell Companies and entering summary judgment in favor of

Appellee Doctor Romero. For the reasons that follow, we will affirm.

At the time he initiated this lawsuit, Bello had been incarcerated at Moshannon Valley Correctional Center ("MVCC") since August 2006. Upon his arrival at MVCC, he was identified as having numerous acute and chronic medical conditions: uric acid causing psoriasis, gout, high blood pressure, high cholesterol, arthritis, and blindness in his right eye. He also explained to the medical staff that, prior to entering MVCC, he had a lump on the right side of his back which was surgically removed. At the time of entry, he had a similar lump on his left side, which was described as a "tumor" or "lipoma." Bello filed a complaint on October 16, 2007, alleging that he sought medical treatment on numerous occasions for the severe pain he was experiencing from the tumor and was told that surgery was not necessary. He alleged that, while he had been seen by Dr. Joseph Romeo on numerous occasions, the doctor had essentially failed to treat him in violation of the Eighth Amendment. In addition to Dr. Romeo, the Medical Director at MVCC between July 2007 and January 2008, Bello named as defendants MVCC Warden Michael Zenk, Maria Dawson, the Medical Administrator for MVCC, and Cornell Companies, the administrator of MVCC. After the Magistrate Judge informed Bello that he planned to recommend that his complaint be dismissed, Bello filed an amended complaint in which he detailed his visits to Dr. Romeo. He alleged that on October 17, 2007, he told Dr. Romeo how severe the pain surrounding his tumor was and that Dr. Romeo simply told him that he had too many problems.

Appellees moved to dismiss the amended complaint, arguing that Bello's

2

own filings demonstrated that he has been receiving medical care and that his complaints about the specific course of treatment he was receiving were not actionable under the Eighth Amendment. In response, Bello alleged that Appellees' failure to properly treat his serious medical needs amounted to an Eighth Amendment violation. He also added allegations that since approximately May of 2008, he had been excreting blood during his bowel movements, and that Dr. Romeo informed him that his condition was normal. Bello also filed a motion for the appointment of counsel, which Appellees opposed.

In response to the Magistrate Judge's recommendation that his amended complaint be dismissed, Bello objected, asserting that Dr. Romeo failed to treat the tumor on his back or the new tumor forming on his chest, that he lost 34 pounds, that the tumors caused him unbearable pain and suffering, that Dr. Romeo himself stated that the tumor had grown, and that he was not responding to his present medication, yet Dr. Romeo failed to consider any other course of treatment. The District Court construed Bello's objections as seeking to amend his complaint to allege that Dr. Romeo admitted that surgery was necessary to treat his tumor but would not be approved solely for a nonmedical reason, namely the cost. The Court concluded that this adequately stated a claim of deliberate indifference to a serious medical need, granted in part and denied in part Appellees' motion to dismiss, and ordered Dr. Romeo, the sole remaining party, to file an answer to the amended complaint. The remainder of the defendants were dismissed from the action, as Bello failed to allege any personal involvement on their parts.

3

Dr. Romeo answered the amended complaint on January 6, 2009, and moved for summary judgment on July 17, 2009. In his motion, Dr. Romeo argued that Bello failed to allege any facts that would support the allegation that Dr. Romeo exhibited "deliberate indifference" to his medical needs. Dr. Romeo argued that he could not be deemed to have violated Bello's constitutional rights, as Bello's own filings demonstrated that Dr. Romeo saw Bello on numerous occasions, prescribed treatments and prescriptions for his numerous ailments, and restricted his work duty. With regard to the lump on Bello's back, Dr. Romeo stated: "The lump was consistently determined to be a benign fatty subscapular growth at the base of Plaintiff's trapezoid muscle which was neither changing in size nor a threat to Plaintiff's health. Therefore, it did not require surgical removal. Moreover, it was determined by MVCC medical personnel, including Dr. Romeo, that surgical removal of the lump may pose a threat to the area around the lump and involve complications similar to those Plaintiff experienced in an earlier surgery to remove a lump on the right side of his back." (Appellee's Summ. J. Br., 8.) Dr. Romeo did not address Bello's allegation that surgery was not pursued due to its cost.

Bello opposed Dr. Romeo's motion for summary judgment, arguing that the lipoma had increased in size over time, from "the size of a lemon to orange to a big size of grapefruit [sic]." (Appellant's Opp'n to Summ. J., 4.) He contested Dr. Romeo's characterization of the facts, explaining: "The lipoma or lymphoma cancer is not a joke. The cancer has spread, pushing the bone off the normal position. The size of the lipoma

4

or lymphoma is four time [sic] the size Dr. Romeo opine in his moving paper (summary judgment). At present, plaintiff is generally denied medical treatment in reference to lipoma or lymphoma. On many occasions, plaintiff is scheduled to see the Physician Assistant or Doctor but perhaps, no examination or evaluation conducted. Plaintiff would be advised to return to his housing unit." (Appellant's Opp'n to Summ. J., 6.) Notably, however, Bello seemed to be discussing the tumor at the time his opposition was filed, August 24, 2009, and not during the time he was under Dr. Romeo's care, between July 2007 and January 2008.

In connection with his opposition to Appellees' motion to dismiss and his objections to the Magistrate Judge's recommendation that summary judgment be entered against him, Bello submitted two affidavits. The first, executed on May 8, 2008, stated that he had not received any medication to prevent the growth of any other tumors, that a second tumor had begun to grow in his chest and another in his neck, that the nurse confirmed he had lost a lot of weight, and that the doctor concurred that the tumor on his right upper back had grown since Bello's last visit. He averred: "[T]he doctor specifically say, [sic] there is nothing he can do here for me. But he recommend that I should be transfer [sic] to a medical facility where I can receive proper treatment for my psoriasis and surgery for the tumor to be removed."[1] He also attached a copy of the report prepared by the surgeon who removed Bello's first tumor in July of 2001. The

---

[1] The second affidavit addresses Bello's bleeding. As these allegations arose after the initiation of this lawsuit, they are not a subject of the underlying complaint.

5

report indicates that the tumor was attached to his ribs and the surrounding muscle, that prior to removal, the tumor was "evaluated by CT scan and by MRI," that "the lesions . . . are quite substantial and may require and [sic] extension dissection to be removed," and that "[t]he left-sided lesion was not addressed today" and "will have to be done at another time." Bello argued that this report "contradict[ed]" the assertions made in Dr. Romeo's affidavit regarding the course of treatment followed at MVCC. Bello also asserted that Dr. Romeo had stated on certain occasions that the lipoma had grown in size but that, because of the cost, surgery was not recommended. Bello did not offer any citation to the record in support of this allegation.

The Magistrate Judge recommended that summary judgment be entered in favor of Dr. Romeo, and the District Court agreed, adopting the Report & Recommendation as the opinion of the Court. Bello filed a notice of appeal pro se.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's decision to grant a motion to dismiss de novo. See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). We also exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to Appellant, the non-moving party. See Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). A party asserting that there is a genuine dispute as to a material fact must support that

6

assertion with specific citations to the record. See Fed. R. Civ. P. 56(c).

On appeal Bello argues that Dr. Romeo intentionally refused to provide him with medical care solely because of the cost.[2] While this allegation may have been sufficient to survive Appellees' motion to dismiss, it alone is not sufficient to defeat a motion for summary judgment. We recognize that Bello is proceeding pro se. While we have held that "[t]he allegations of a pro se litigant are generally held to a 'less stringent standard' than formal pleadings prepared by a lawyer," United States v. Albinson, 356 F.3d 278, 284 n.9 (3d Cir. 2004), pro se litigants are nonetheless required to comply with the procedures outlined in Rule 56 of the Federal Rules of Civil Procedure. See Zilich v. Lucht, 981 F.2d 694, 696 (3d Cir. 1992). Bello clearly suffers from a number of physical ailments and we understand that he is in great discomfort and is unhappy with the medical care he has received. However, the Eighth Amendment does not permit us to second guess Dr. Romeo's medical judgment. Absent record evidence that during his tenure at MVCC, from July 2007 to January 2008, Dr. Romeo failed to treat Bello's tumor, we must affirm the judgment of the District Court entering summary judgment in favor of Appellee. Additionally, for all of the reasons given by the District Court, we agree that the remainder of the defendants were properly dismissed.

---

[2] Bello also argues that the District Court failed to address the allegations regarding his other medical ailments. As the District Court explained, however, only the medical treatment of the lipoma is the subject of this action. If Bello has other complaints he wishes to raise unrelated to those described in the underlying complaint, he must initiate a separate lawsuit.

Based on the foregoing, we will affirm the judgment of the District Court.