**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4230
_____

JOSEPH T. LYNN,
                              Appellant

v.

SECRETARY, DEPARTMENT OF DEFENSE, DEFENSE LOGISTICS AGENCY;
LT. COL. YVONNE MACNAMARA, U.S. ARMY; JOHN HEUBERGER,
CIVILIAN CHIEF D.L.A. A76, CONTINUING GOVERNMENT AUTHORITY;
PENNY GRAFF, D.L.A.; DEFENSE LOGISTICS AGENCY, (D.L.A.);
CONTINUING GOVERNMENT AUTHORITY; U.S. ARMY;
U.S. GOVERNMENT; JOHN HUBER, D.L.A.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-00629)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2011

Before:  BARRY, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 10, 2011 )

_____

OPINION
_____

PER CURIAM

Appellant Joseph Lynn, proceeding pro se, appeals from the judgment entered in the United States District Court for the Middle District of Pennsylvania in favor of Appellees. For the reasons that follow, we will affirm.

On April 6, 2009, Lynn filed an employment discrimination lawsuit against the Secretary of the United States Department of Defense, and various employees of the Defense Logistics Agency ("DLA") and United States Army. He alleged that he was wrongfully discharged from his position as a Distribution Process Worker based on his age and his gender, and that many of the charges which led to his termination were "false and inaccurate." Lynn began working at Defense Distribution in Tobyhanna, Pennsylvania on July 11, 2005. He had previously worked for the U.S. government in various other capacities. He alleged that he had always received "'good' and 'very good' evaluations from his supervisors" and commendations for his military service. On July 27, 2005, less than a month after his employment commenced, Lynn was terminated based on allegations that he was tardy on more than one occasion, that he violated various safety regulations, and that he damaged government property.[1] At that time, he was 58 years old. He claimed that he was "singled out and targeted for firing" and that "[n]o younger people were terminated for similar allegations."

---

[1] The specific allegations are set forth in detail in both the Magistrate Judge's Report & Recommendation at pages 7-9, and in the District Court's Opinion at pages 3-6. Among other things, Lynn was reported for repeatedly operating a forklift with his seatbelt unfastened, striking, knocking down, and dropping items from the forklift while driving, and maneuvering the forklift with the forks in an elevated position rather than close to the ground.

Appellees moved for partial judgment on the pleadings, arguing that the only proper defendant in an employment discrimination lawsuit against the United States government is the head of the agency, sued solely in his official capacity, and that Lynn's claim for punitive damages should be dismissed as punitive damages cannot be sought against the federal government or an agency. Over Lynn's objections, the District Court agreed, dismissing all defendants save the Secretary of Defense, as the head of the DLA, and dismissing Lynn's claim for punitive damages. See Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976) (holding that Title VII of the Civil Rights Act of 1964 provides the exclusive remedy for claims of employment discrimination by federal agencies); 42 U.S.C. § 2000e-16(c) (stating that the only proper defendant in a Title VII action is the head of the department, agency or unit in which the allegedly discriminatory acts occurred); 42 U.S.C. § 1981a(b)(1) (barring complaining party in intentional employment discrimination action from seeking punitive damages against government, government agency, or political subdivision).

The remaining Appellee, Secretary Gates, then moved for summary judgment. In support of his motion, he submitted a statement of material facts detailing the infractions committee by Lynn, the recommendations made regarding his conduct, and the actions ultimately taken. The statement was supported by the declarations of John Huber, who was then the Lead Quality Assurance Evaluator at the Defense Distribution Center; Penny J. Graff, then the Acting Site Manager; John J. Heuberger, then the Deputy Commander; and Karen Y. Doyle, Human Relations Specialist. Lynn filed a brief in

3

opposition, claiming that the information contained in the affidavits was "false and hearsay," that it had been discredited during the Pennsylvania unemployment compensation hearings, and that the truth would come out at trial. He failed to support the brief with a response to the statement of facts or any sworn statement of his own. After Appellee filed a reply brief, pointing out the deficiencies in Lynn's opposition, Lynn filed a supplemental opposition brief, in which he primarily averred that most of the allegations against him were false. With respect to those he admitted were true, Lynn attempted to offer an explanation for his misconduct. Finally, he concluded that the only reason he could have been terminated was due to his "gray or silver hair."

Based on these filings, the Magistrate Judge recommended that Appellee's motion for summary judgment be granted. As the Magistrate Judge explained, Lynn failed to adduce any direct evidence of age or gender discrimination. See Torre v. Casio, Inc., 42 F.3d 825, 829 (3d Cir. 1994). The Magistrate Judge then considered whether Lynn had advanced any evidence to prove under the McDonnell Douglas burden-shifting framework that he had been discriminated against. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). Assuming, as Appellee had, that Lynn had established a prima facie case of discrimination, and concluding that Appellee had set forth legitimate non-discriminatory reasons for Lynn's termination, the Magistrate Judge ultimately found that Lynn had failed to offer any evidence to suggest that there were genuine issues of material fact in dispute as to whether the proffered reasons were pretextual. Because Lynn failed to sustain his burden, the Magistrate Judge

4

recommended that Appellee's motion for summary judgment be granted. In his objections, Lynn again called into question the veracity of the information provided by Appellee, and averred that at the time of trial, he would be able to prove that the reasons given by Appellee were pretextual. Over Lynn's objections, the District Court adopted the Magistrate Judge's Report & Recommendation and entered summary judgment in favor of Appellee. Lynn appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant a motion for judgment on the pleadings. See Ehrheart v. Verizon Wireless, 609 F.3d 590, 593 n.2 (3d Cir. 2010). We also review de novo the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to Appellant, the non-moving party. See Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). A party asserting that there is a genuine dispute as to a material fact must support that assertion with specific citations to the record. See Fed. R. Civ. P. 56(c).

On appeal, Lynn continues to dispute the veracity of the facts presented by Appellee, but still does not present any evidence, other than his own assertions, to support the idea that he was fired for a discriminatory reason. As we have explained, "[t]o establish such circumstantial proof, the plaintiff first must present evidence that each of the defendant's reasons is pretextual, viz, each reason was 'a post hoc fabrication

or otherwise did not actually motivate the employment action.'" Ryder v. Westinghouse Elec. Corp., 128 F.3d 128, 136 (3d Cir. 1997). Whatever Lynn's opinion of the reasons given for his termination may be, the record is devoid of any evidence to suggest that they were not the true reasons for his dismissal. We recognize that Lynn is proceeding pro se. While we have held that "[t]he allegations of a pro se litigant are generally held to a 'less stringent standard' than formal pleadings prepared by a lawyer," United States v. Albinson, 356 F.3d 278, 284 n.9 (3d Cir. 2004), pro se litigants are nonetheless required to comply with the procedures outlined in Rule 56 of the Federal Rules of Civil Procedure. See Zilich v. Lucht, 981 F.2d 694, 696 (3d Cir. 1992). As explained in detail by the District Court, by failing to produce any affirmative evidence to support his allegations of discrimination, Lynn has not done so. See Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994). Based on the foregoing, we will affirm the judgment of the District Court.[2]

---

[2] We note that Lynn mentions in his appeal brief that he was denied union representation at the time of his termination. We agree with Appellees that this claim would properly be brought against the Union, not against the Secretary of Defense.