**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2523

_____

PAUL C. WILLIAMS,
                                        Appellant

v.

THOMAS P. SULLIVAN; ADRIENNE BARGE; ANDREA KINCHEN; DONNA
KLIPPER; NICHOLAS MELFI; CRAIG SMITH; JAMES DOWD; JIMMIE
GONZALES; ERIC BLAND; ROBERT FLEM; ANTHONY LAMANNA, individually
and in their official capacities; EUGENE C. MAGGIONCALDA, individually and in
their official capacities

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:08-cv-01210)
District Judge:  Honorable Renee M. Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2012
Before: SMITH, CHAGARES and WEIS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 5, 2012)
_____

OPINION
_____

PER CURIAM.

    The pro se appellant, Paul Williams, asks us to overturn the District Court order

that dismissed his complaint for failure to comply with discovery obligations.  <u>See</u> Fed.

R. Civ. P. 37(b)(2).  Williams argues that the Court abused its discretion by overlooking crucial facts.  We disagree and will affirm its order.

In 2007, Williams was incarcerated at the Bayside State Prison in New Jersey, a facility with a storied recent history.  See generally In re Bayside Prison Litig., 157 F. App'x 545 (3d Cir. 2005).  Contending that the present echoed the past, Williams filed suit in early 2008, alleging several violations of his constitutional rights.  The District Court screened the complaint pursuant to its 28 U.S.C. § 1915(e)(2) responsibilities, leaving one claim standing and allowing Williams to amend his other allegations (he declined to do so).  See Williams v. Sullivan, No. 08-1210, 2008 U.S. Dist. LEXIS 50053, at *20 (D.N.J. June 30, 2008).  With screening out of the way and the complaint served and answered, the pretrial discovery phase commenced, with an initial completion date set for August 31, 2009.

That deadline, however, was never met, and would be extended several times over the course of the litigation.[1]  On September 30, 2009, the defendants informed the Court that no discovery responses had been received from Williams.  Another, similar letter was sent on January 21, 2010, and was swiftly followed by a dual motion to compel discovery compliance and, alternatively, to dismiss.  Williams, who in the interim had been transferred to Northern State Prison, wrote to the Court and explained that he was being "subjected to a variety of [circumstances] that have deprived [him] of the ability

---

[1] Because the parties are familiar with the procedural history of this case, we will discuss only those parts that are relevant to our disposition.

to" access his discovery materials, such as an alleged failure of prison officials at Bayside to return to him his documents and their confiscation of his word processor and digital archives. The Court granted the defendants' motion to compel, but denied their request to dismiss the complaint without prejudice. Significant for this appeal, Williams then sent a letter to the defendants (dated August 11) in which he purported to "enclose[] . . . [his] most recently prepared answers and objections to [their] interrogatories and request for production of documents," which he characterized as the "*second* occasion [he] ha[d] prepared and submitted them" (emphasis in original). Williams apparently sent a copy of this letter (but none of the purported enclosures) to the District Court, where it was docketed at ECF No. 39.

In October, having still not received any discovery from Williams despite his letter to the contrary, the defendants wrote to the District Court, again requesting that the complaint be dismissed. In response, Williams renewed his challenge to the prison officials' failure to return his legal materials and to allow meaningful access to the Court, and repeated his claim that he had complied with the defendants' discovery request on not one but two prior occasions. See ECF No. 52. After acknowledging that dismissal would be a sanction of last resort, the Court once again declined to dismiss, but instead ordered Williams to "serve (or re-reserve) answers and any objections to the interrogatories and document requests on Defendants' counsel with a copy of the same to the Court within twenty days of the entry of this Order" under pain of sanctions; which, it expressly stated, might include dismissal.

Williams again failed to comply, filing instead a letter motion for a preliminary injunction in which he requested, inter alia, that the Commissioner of the New Jersey Department of Corrections be ordered to return to him "all . . . items previously confiscated" so as to allow him to comply with discovery demands. He further alleged that his legal mail was being tampered with and that he was not receiving the Court's (and defendants') communiqués in a timely fashion. Williams also stated that he could not prepare his answers and objections "for a *third* time" (emphasis in original) without access to his word processor. The Court declined to grant injunctive relief.

In January of 2011, almost three years after the initiation of the suit, the defendants filed their third and final motion to dismiss for failure to comply with discovery orders. In a thorough, lengthy Report and Recommendation, Magistrate Judge Ann Marie Donio summarized the convoluted procedural history of the case up to that point and, weighing the six factors we articulated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984),[2] determined that the sanction of dismissal was warranted. Williams v. Sullivan, No. 08-1210, 2011 U.S. Dist. LEXIS 56414, at *32 (D.N.J. May 20, 2011). Specifically, Judge Donio determined that Williams was personally responsible for the delay, that the defendants had been prejudiced by

---

[2] Those factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868 (emphasis omitted).

4

Williams' non-compliance with Court orders, that Williams evinced a clear pattern of dilatoriness through his "persistent lack of response to Defendants' discovery requests and this Court's Orders," that Williams had acted in bad faith, and that no other sanction would "prompt Plaintiff to comply with his discovery obligations."[3] Id. at *20–32. In analyzing the fourth Poulis factor—the willfulness/bad-faith inquiry—Judge Donio credited the defendants' evidentiary submissions, which called into question Williams' claims regarding access to legal materials and the confiscation of his word processor, while noting that he had apparently been able to file "multiple motions and letters with the Court" unimpeded. Id. at *25–29. Moreover, Judge Donio pointed out a crucial inconsistency in William's story: if his word processor was necessary for furnishing copies of the discovery documents, yet it was confiscated in December 2009, how was Williams able to produce his "second" set of discovery materials in August 2010? Id. at *27–28. The District Court adopted the Report and Recommendation and dismissed the suit. Williams timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[4] We review the District

---

[3] Given the early stage of the litigation, Judge Donio "assume[d] for purposes of [the Poulis] analysis that Plaintiff's claims ha[d] merit." Id. at *31.

[4] Our jurisdiction includes the District Court's denial of preliminary injunctive relief. See Chambers v. Ohio Dep't of Human Servs., 145 F.3d 793, 796 (6th Cir. 1998) ("It is clear that parties are not required to file an interlocutory appeal; rather, a party may forgo an interlocutory appeal and present the issue to this court after final judgment.").

We pause, by necessity, to acknowledge that the District Court mistakenly adopted the Report and Recommendation without affording Williams the full fourteen days to file

Court's decision to dismiss the complaint for abuse of discretion and its underlying factual findings for clear error. Thomas Consol. Indus. v. Herbst (In re Thomas Consol. Indus.), 456 F.3d 719, 724 (7th Cir. 2006); Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Hicks v. Feeney, 850 F.2d 152, 155 (3d Cir. 1988). "In determining whether a District Court has abused its discretion in dismissing a complaint . . . we will be guided by the manner in which the court balanced the Poulis factors and whether the record supports its findings." Hicks, 850 F.3d at 156 (quoting Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986)).

In his short, informal brief, Williams simply states that "despite being apprised of the facts" of the interference with his ability to access the court, the District Court "denied plaintiff's motion for . . . a[n] extension of time and dismissed the complaint." Elsewhere, he claims that the District Court "overlooked, if not simply ignored" those relevant facts. Mindful of our obligation to construe William's pro se submissions liberally, see Zilich v. Lucht, 981 F.2d 694, 694 (3d Cir. 1992), and mindful too that dismissal with prejudice is an "extreme" sanction, Ware, 322 F.3d at 221–22, we simply

objections, and the record reflects that Williams timely objected before filing his notice of appeal. Williams then moved for reconsideration, and the District Court entered a second, similar order that he did not appeal. Because Williams' objections, which we have reviewed as part of this appeal, would not have changed the outcome of this litigation, the District Court's initial error was harmless. Cf. Mannix v. Phillips, 619 F.3d 187, 196 (2d Cir. 2010) (declining to address whether objections were timely filed because petitioner's claim "fail[ed] on the merits"); see also Henderson v. Carlson, 812 F.2d 874, 878 n.4 (3d Cir. 1987) (noting that when, as here, a District Court reviews the case de novo before adopting Magistrate Judge's recommendation, no waiver is implicated); Braxton v. Estelle, 641 F.2d 392, 397 (5th Cir. 1981) (subjecting failure to properly inform plaintiff of Magistrate's recommendation to harmless-error analysis).

cannot agree.  From our vantage point, the District Court overlooked nothing; rather, it took stock of the record thus far and, finding *five* of the six Poulis factors to weigh against Williams, determined that the sanction of dismissal was appropriate.  We see no clear error in its factual analysis nor any misapplication of law.  This was a proper exercise of the District Court's discretion and Williams has put forth no reason why it should be overturned.

For substantially the same reasons expressed above, and in light of the District Court's factfinding, we also conclude that the order denying a preliminary injunction was not an abuse of discretion.  Marco v. Accent Pub. Co., 969 F.2d 1547, 1548 (3d Cir. 1992).  Accordingly, we will affirm the judgment of the District Court.