CLD-158                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4127
_____

CLAUDE TOWNSEND,
                                    Appellant

v.

NJ TRANSIT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-06492)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted on the Motion to Proceed *In Forma Pauperis* and
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2013 )
_____

OPINION
_____

PER CURIAM

Claude Townsend filed a relatively short complaint against New Jersey Transit in state court. New Jersey Transit moved to dismiss the complaint. Townsend responded by elaborating on his claims, relying on federal statutes like the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("RA"), and the Family and Medical Leave Act ("FMLA"), as well as the New Jersey Law against Discrimination ("NJ LAD"). New Jersey Transit removed the action to federal court.

Townsend sought to remand the matter to state court. After the District Court denied that motion, New Jersey Transit sought an extension of time to answer or otherwise respond to the complaint. The District Court granted the extension. Townsend then filed a motion to vacate the order granting the extension and to enter default against New Jersey Transit. New Jersey Transit subsequently sought to dismiss the matter, arguing, *inter alia*, that Townsend's claims were barred by the doctrines of issue and claim preclusion. The District Court granted New Jersey Transit's motion on the basis of "res judicata or claim preclusion," while also mentioning issue preclusion, and denied Townsend's motion.

2

Townsend appeals and seeks *in forma pauperis* status, which we grant. He also presents a "motion to reverse the District Court of New Jersey decision by submitting new medical evidence," which New Jersey Transit opposes (suggesting that we summarily affirm instead). Additionally, Townsend has filed a motion requesting that we rule on his appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the order granting the motion to dismiss is plenary. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). We review the order denying the request for an entry of default and allowing the extension of time to stand for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Upon review, we conclude that no substantial question is raised on appeal, so we will affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As the District Court ruled, res judicata barred Townsend's complaint. Res judicata encompasses two preclusion concepts – issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 (1984). As the District Court determined by comparing Townsend's amended complaint with his amended complaint in an earlier district court action, see Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004), Townsend presented allegations under the ADA, FLMA, RA, and NJ LAD against New

3

Jersey Transit that have already been litigated and decided. See Certification of Deputy Attorney General Atkinson at Exs. 2, 3, & 5. To the extent there are allegations in his amended complaint in this action that are not identical to those in the earlier action, they are matters that should have been presented in the earlier suit.

In short, the District Court properly granted New Jersey Transit's motion to dismiss Townsend's complaint. Furthermore, the District Court did not err in declining to enter default and denying the motion to vacate the order granting an extension of time.

For these reasons, we will affirm the District Court's judgment. Townsend's "motion to reverse the District Court . . ." is denied, and his motion for a ruling is denied as moot. As we noted above, we grant his motion to proceed *in forma pauperis*.