**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-2993
_____

CLAUDE TOWNSEND, JR.,
Appellant

v.

NEW JERSEY TRANSIT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:22-cv-00540)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2023

Before: AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed: January 17, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Claude Townsend, Jr., proceeding pro se and in forma pauperis, appeals from the District Court's order granting defendant's motion to dismiss. We will summarily affirm.

Townsend sued New Jersey Transit in February 2022, alleging that the defendant intentionally inflicted emotional distress and violated the Americans with Disabilities Act, Rehabilitation Act of 1973, Civil Rights Restoration Act of 1987, Social Security Act, and Title VII of the Civil Rights Act of 1964.[1] Dkt. No. 5 at 1; Dkt. No. 9 at 2. Specifically, Townsend alleged that the defendant discriminated against him based on race, wrongfully terminated him, and retaliated against him after he filed a claim for workers' compensation relating to an incident while he worked as a bus driver in 2008. Dkt. No. 5 at 2; Dkt. No. 9 at 1-2. He also made a bare claim for defamation.

The defendant moved to dismiss the complaint on several grounds. Dkt. No. 7. Townsend opposed the motion. In doing so, Townsend elaborated on his defamation claim by stating that a New Jersey law firm, which was not named as a defendant in the action, defamed him by publishing an article about the dismissal of his claim for workers' compensation benefits as frivolous. Dkt. No. 9 at 3-4, Ex. H. Agreeing with the defendant that the claims are barred by res judicata, the District Court granted the defendant's motion and dismissed Townsend's complaint with prejudice. Dkt. No. 15. Townsend filed this timely appeal.

---

[1] Townsend identified the Civil Rights Act of 1964 only in his brief filed in opposition to the defendant's motion to dismiss. Dkt. No. 9 at 2. Mindful of our "special obligation" to construe liberally the pleadings of pro se litigants, Zilich v. Lucht, 981 F.2d 694, 694 (3d Cir. 1992), we will consider, as the District Court did, a claim under the Civil Rights Act of 1964.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order dismissing the complaint. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court correctly concluded that Townsend's claims were barred by res judicata. Res judicata encompasses two preclusion concepts: issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). Here, Townsend has again presented allegations against the same defendant based on the same set of facts that have already been litigated and decided. See Townsend v. N.J. Transit, 516 F. App'x 110, 110-11 (3d Cir. 2013) (per curiam) ("To the extent there are allegations in [Townsend's] amended complaint in this action that are not identical to those in the earlier action, they are matters that should have been presented in the earlier suit."), aff'g No. 11-06492, 2012 WL 3929391 (D.N.J. Sept. 7, 2012); Townsend v. N.J. Transit, et al., No. 09-01832, 2010 WL 3883304 (D.N.J. Sept. 27, 2010).

To the extent that Townsend sought to bring a claim of defamation relating to an article published about the dismissal of his workers' compensation claim as frivolous—which is unrelated to the underlying facts of Townsend's other claims and is thus not barred by res judicata—the District Court's failure to consider this claim does not raise a substantial question on appeal. The bare mention of defamation in his complaint did not

3

state a claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (explaining that a plaintiff must provide more than "labels and conclusions" in his complaint to establish that he is entitled to relief).  And putting aside that Townsend did not name any defendant or include any facts in his amended complaint related to this claim, he also did not state a claim based on his own allegations in his response to the motion to dismiss.  Under New Jersey law, "[a] defamatory statement is one that is false and injurious to the reputation of another[.]"  Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 189 (3d Cir. 1998) (citation omitted).   Here, Townsend cannot establish that the statements in the article on which his defamation claim is based are false, as his workers' compensation claim was indeed dismissed and costs were awarded to the defendant based on the frivolousness of that claim.  See Townsend v. N.J. Transit, No. A-0559-20, 2022 WL 301829, at *1 (N.J. Super. Ct. – App. Div. Feb. 2, 2022); McTernan v. City of York, Pa., 577 F.3d 521, 526 (3d Cir. 2009) ("[A] court may take judicial notice of a prior judicial opinion.").

Accordingly, we will affirm the judgment of the District Court.